UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JARREN KIEFFER | : | CIVIL ACTION NO.: _____ |
| Plaintiff | | |
| | | |
| VS. | : | |
| | | |
| JOSEPH P. LOPINTO, III, INDIVIDUALLY | | |
| AND IN HIS OFFICIAL CAPACITY AS | | |
| JEFFERSON PARISH SHERIFF, | | |
| DETECTIVE BENJAMIN BLEVINS | : | JUDGE : _____ |
| IN HIS INDIVIDUAL CAPACITY, | | |
| UNKNOWN OFFICER 1 IN HIS | | |
| INDIVIDUAL CAPACITY, | : | MAGISTRATE JUDGE: |
| UNKNOWN OFFICER 2 IN HIS | | _____ |
| INDIVIDUAL CAPACITY, | | |
| UNKNOWN OFFICER 3 IN HIS | | |
| INDIVIDUAL CAPACITY, | | |
| UNKNOWN OFFICER 4 IN HIS | | |
| INDIVIDUAL CAPACITY, | | JURY TRIAL DEMAND |
| UNKNOWN OFFICER 5 IN HER | | |
| INDIVIDUAL CAPACITY | | |
| Defendants | | |
| | | |
| _____ | : | |
| FILED | | |

## **COMPLAINT**

The Complaint of **JARREN KIEFFER** (hereinafter "Mr. Kieffer"), a person of majority

and who is domiciled in Orleans Parish, State of Louisiana, respectfully represents the following:

1.

`       Made Defendants herein are:

i)    **SHERIFF JOSEPH P. LOPINTO, III,** in his individual capacity and his official
       capacity as the Parish Sheriff for Jefferson Parish, Louisiana, a person of the age of
       majority and a resident of the State of Louisiana, who may be served at his place of
       employment at the Jefferson Parish Sheriff's Office, 924 David Dr. Metairie,
       Louisiana 70003;

ii)    **DETECTIVE BENJAMIN BLEVINS**, in his individual capacity, a person of the age of majority and a resident of the State of Louisiana, served at his place of employment at the Jefferson Parish Sheriff's Office, 924 David Dr. Metairie, Louisiana 70003;

iii)    **UNKNOWN OFFICER 1,** in his individual capacity, a person of the age of majority and a resident of the State of Louisiana, served at his place of employment located at the Jefferson Parish Sheriff's Office, 924 David Dr. Metairie, Louisiana 70003, once his identity has been confirmed;

iv)    **UNKNOWN OFFICER 2**, in his individual capacity, a person of the age of majority and a resident of the State of Louisiana, served at his place of employment located at the Jefferson Parish Sheriff's Office, 924 David Dr. Metairie, Louisiana 70003, once his identity has been confirmed;

v)    **UNKNOWN OFFICER 3**, in his individual capacity, a person of the age of majority and a resident of the State of Louisiana, served at his place of employment located at the Jefferson Parish Sheriff's Office, 924 David Dr. Metairie, Louisiana 70003, once his identity has been confirmed;

vi)    **UNKNOWN OFFICER 4**, in his individual capacity, a person of the age of majority and a resident of the State of Louisiana, served at his place of employment located at the Jefferson Parish Sheriff's Office, 924 David Dr. Metairie, Louisiana 70003, once his identity has been confirmed; and

vii)    **UNKNOWN OFFICER 5**, in her individual capacity, a person of the age of majority and a resident of the State of Louisiana, served at her place of employment located at the Jefferson Parish Sheriff's Office, 924 David Dr. Metairie, Louisiana 70003, once his identity has been confirmed.

## <u>JURISDICTION AND VENUE</u>

2.

Jurisdiction is founded in this matter under 28 U.S.C.A. § 1331, as this is a Civil Rights action pursuant to 42 U.S.C.A. § Civil 1983, and § 1988, along with attendant Louisiana State Law claims, and venue is proper under 28 U.S.C.A. § 1391 as all Defendants,  reside in this Judicial District, as well as a substantial part of the events giving rise the claim took place in this Judicial District.

## FACTUAL ALLEGATIONS

3.

On or about January 17, 2024, and at all times attendant to the events pertaining to this Complaint up to and including the time of the Constitutional and State Law violations alleged herein, Mr. Kieffer was at Louis Armstrong New Orleans International Airport, located at 1 Terminal Drive Kenner, Louisiana 70062 awaiting his flight to Los Angeles International Airport. Mr. Keiffer purchased a boarding pass for the aforementioned flight, cleared security checks through TSA, and was waiting to board his flight when he was approached by the Defendants, **DETECTIVE BENJAMIN BLEVINS, UNKNOWN OFFICER 1, UNKNOWN OFFICER 2, UNKNOWN OFFICER 3, UNKNOWN OFFICER 4, UNKNOWN OFFICER 5**, purporting to have suspicion that Mr. Keiffer had committed a crime. Thereafter, Mr. Keiffer was placed in a holding cell, handcuffed behind his back, and brutally beaten by Defendant Officers, either in concert with, or in the presence of, all other Defendant Officers who either participated or failed to protect Mr. Kieffer from said brutality.

4.

Defendants, **SHERIFF JOSEPH P. LOPINTO, III, DETECTIVE BENJAMIN BLEVINS, UNKNOWN OFFICER 1, UNKNOWN OFFICER 2, UNKNOWN OFFICER 3, UNKNOWN OFFICER 4, UNKNOWN OFFICER 5**, indicated that K-9 Flesz conducted an open-air sniff on the outgoing suitcases. Defendants, **SHERIFF JOSEPH P. LOPINTO, III, DETECTIVE BENJAMIN BLEVINS, UNKNOWN OFFICER 1, UNKNOWN OFFICER 2, UNKNOWN OFFICER 3, UNKNOWN OFFICER 4, UNKNOWN OFFICER 5**, indicated that her K-9 Flesz purported alerted on Mr. Keiffer's luggage indicating the presence of suspected

narcotics. To the contrary, no such narcotics were located in Mr. Keiffer's luggage. This was consistent with Mr. Keiffer's assertions, and no other probable cause existed to search and/or seize his person or property said search and seizure was conducted in violation of State and Federal Law including, but not limited to the 4th and 14th Amendments of the U.S. Constitution.

5.

The intentional conduct of Defendants, **DETECTIVE BENJAMIN BLEVINS, UNKNOWN OFFICER 1, UNKNOWN OFFICER 2, UNKNOWN OFFICER 3, UNKNOWN OFFICER 4, UNKNOWN OFFICER 5**, as listed above, both individually and in concert, was malicious and in reckless and wanton disregard for the Constitutional Rights of Mr. Keiffer and was arbitrary and capricious conduct by government officials which shocks the conscience. Said acts transgress the fundamental root and traditional liberty and substantive due process embedded in the Constitutional protections which protects all citizens of the United States of America, including Mr. Keiffer.

6.

Defendant, **SHERIFF JOSEPH P. LOPINTO, III**, is responsible for the hiring and adequate training of his employees. Specifically, **SHERIFF JOSEPH P. LOPINTO, III**, either hired, or maintained in his employ, Defendants, **DETECTIVE BENJAMIN BLEVINS, UNKNOWN OFFICER 1, UNKNOWN OFFICER 2, UNKNOWN OFFICER 3, UNKNOWN OFFICER 4, UNKNOWN OFFICER 5**, Said hiring, entrustment, and lack of training are the direct and proximate cause of Mr. Keiffer's injuries, and the violation of his Constitutional Rights.

<u>COUNT I</u>

7.

The actions of Defendants, **SHERIFF JOSEPH P. LOPINTO, III, DETECTIVE BENJAMIN BLEVINS, UNKNOWN OFFICER 1, UNKNOWN OFFICER 2, UNKNOWN OFFICER 3, UNKNOWN OFFICER 4, UNKNOWN OFFICER 5**, either individually, or in concert, violated the Federal Constitutional rights, and Civil Rights of Mr. Keiffer pursuant to the 4th and 14th Amendments of the United States Constitution, and the actions of the Defendants were in reckless disregard for Mr. Kieffer's Constitutional and Civil Rights.

8.

The actions of Defendants, **SHERIFF JOSEPH P. LOPINTO, III, DETECTIVE BENJAMIN BLEVINS, UNKNOWN OFFICER 1, UNKNOWN OFFICER 2, UNKNOWN OFFICER 3, UNKNOWN OFFICER 4, UNKNOWN OFFICER 5**,   violated the Constitutionally protected Civil Rights of Mr. Kieffer, while the Defendants were acting under color of law, and claim is made herein for compensatory damages, punitive damages, and attorney's fees under 42 U.S.C.A. § Civil 1983, and § 1988.

<u>COUNT II</u>

9.

The actions of Defendants, **SHERIFF JOSEPH P. LOPINTO, III, DETECTIVE BENJAMIN BLEVINS, UNKNOWN OFFICER 1, UNKNOWN OFFICER 2, UNKNOWN OFFICER 3, UNKNOWN OFFICER 4, UNKNOWN OFFICER 5**, constituted official and final policy directives and decisions for the Jefferson Parish Sheriff's Office, the DEA Airport

Interdiction, under color of law, which foreseeably and directly caused the violation of the Constitutional Rights of Mr. Kieffer such that Jefferson Parish Sheriff's Office is liable for compensatory damages and attorney's fees under 42 U.S.C.A. § Civil 1983, and § 1988, and pursuant to Monell v. New York City Dept. of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

10.

The actions of Defendants, **SHERIFF JOSEPH P. LOPINTO, III, DETECTIVE BENJAMIN BLEVINS, UNKNOWN OFFICER 1, UNKNOWN OFFICER 2, UNKNOWN OFFICER 3, UNKNOWN OFFICER 4, UNKNOWN OFFICER 5**, described above in which the K-9 Flesz allegedly alerted Mr. Kieffer's luggage, but no narcotics were found. either individually or in concert, violated Mr. Kieffer's Louisiana State Constitutional Rights under the Louisiana Constitution of 1974 Article I, Sections 5 and 6. Otherwise, detained and arrested without Probable Cause of any statutory violations. After a subsequent Preliminary Hearing heard on February 6, 2024, all associated charges were ***DISMISSED***.

11.

The actions of Defendants, **SHERIFF JOSEPH P. LOPINTO, III, DETECTIVE BENJAMIN BLEVINS, UNKNOWN OFFICER 1, UNKNOWN OFFICER 2, UNKNOWN OFFICER 3, UNKNOWN OFFICER 4, UNKNOWN OFFICER 5**, in planning, and the brutally inhumane beating Mr. Kieffer, either individually or in concert violated Louisiana law, as such acts committed the torts of assault, battery, false imprisonment, and violated LSA-C.C. Art. 2315, and 2315.1. Also, all of whom intentionally, maliciously, grossly negligently, or negligently

pass down directives to their subordinates to execute, and such acts were the direct cause of the unlawful search and seizure of Mr. Kieffer's person, and his forthcoming severe injuries.

COUNT III

12.

Defendant, **SHERIFF JOSEPH P. LOPINTO, III**, is responsible for the hiring and adequate training of his employees.  Specifically, **SHERIFF JOSEPH P. LOPINTO, III**, either hired, or maintained in his employ, Defendants, **DETECTIVE BENJAMIN BLEVINS, UNKNOWN OFFICER 1, UNKNOWN OFFICER 2, UNKNOWN OFFICER 3, UNKNOWN OFFICER 4, UNKNOWN OFFICER 5**. Said hiring, entrustment, and lack of training are the direct and proximate cause of Mr. Keiffer's injuries.  Upon information and belief, some of the listed Defendants have been previously involved in police involved brutality and have been negligently entrusted into the community, knowing of the risks associated with their continued employment in such capacity.

COUNT IV

13.

Under Louisiana law, the negligent and civilly unlawful conduct of the employees and agents of the Jefferson Parish Sheriff's Office for violations of Louisiana law, renders the Jefferson Parish Sheriff's Office *respondeat superior* liable for the tortious conduct of the Defendants and for all compensatory damage suffered by Mr. Kieffer.

<u>COUNT V</u>

31.

Complainant, Mr. Kieffer, would also show that as a result of the intentional and negligent acts of the Defendants, **SHERIFF JOSEPH P. LOPINTO, III, DETECTIVE BENJAMIN BLEVINS, UNKNOWN OFFICER 1, UNKNOWN OFFICER 2, UNKNOWN OFFICER 3, UNKNOWN OFFICER 4, UNKNOWN OFFICER 5**, Mr. Kieffer sustained severe injuries, however he is still in severe pain and suffered severe mental anguish, for which he is entitled to be compensated.

34.

The Complainant hereby requests a jury trial as to all issues.

**WHEREFORE**, Mr. Kieffer, prays that after due proceedings had, there be a Judgment herein in favor of the Complainant, Mr. Kieffer and against:

1)  Defendant, **SHERIFF JOSEPH P. LOPINTO, III,** in his official capacity, jointly, severally, and *in solido* in an amount commensurate with sustained compensatory damages, and attorney fees, together with legal interest thereon all of those amounts, including attorneys fees, from the date of judicial demand until paid, and for all costs of these proceedings; and

2)  Defendants, **SHERIFF JOSEPH P. LOPINTO, III, DETECTIVE BENJAMIN BLEVINS, UNKNOWN OFFICER 1, UNKNOWN OFFICER 2, UNKNOWN OFFICER 3, UNKNOWN OFFICER 4, UNKNOWN OFFICER 5**, all in their individual capacities, jointly, severally, and *in solido* in an amount commensurate with sustained compensatory damages, punitive damages, and attorney's fees, together with

legal interest thereon all of those amounts, including attorney's fees, from the date of

judicial demand until paid, and for all costs of these proceedings; and

3)   Complainant further prays for a trial by jury as to all issues and for all other equitable

relief for which justice and the law requires.

**RESPECTFULLY SUBMITTED,**

**COX, COX, FILO, CAMEL, WILSON, & BROWN**

_/s/ Richard E. Wilson_
**RICHARD E. WILSON (#26145)**
723 Broad Street
Lake Charles, LA 70601
Telephone: (337) 436-6611
Facsimile: (337) 436-9541
richard@coxatty.com

_/s/ Roy F. Wygant_
**ROY F. WYGANT (#35392)**
723 Broad Street
Lake Charles, LA 70601
Telephone: (337) 436-6611
Facsimile: (337) 436-5184
Email:roy@coxatty.com